## DuBois School District v. Pennsylvania Municipal Service Co.

*Edward V. Cherry,* for plaintiff.
*Leo Kostman,* for defendant.

CAMPBELL, *P.J.*, Specially Presiding, June 26, 1973 — The City of DuBois is part of the DuBois Area School District; therefore, when the city and the school district each impose an occupational privilege tax both taxes affect the same city residents.

Beginning with the year 1969, the city levied an occupational privilege tax of $10. Said tax continued and was effective for the calendar year 1972. The city operates on a calendar year basis and the school district by law has a fiscal year July 1 to June 30.

The school district gave timely notice to the city of its intention to adopt an occupational privilege tax at the beginning of its fiscal year, July 1, 1972. The tax was duly levied in the amount of $5, effective July 1, 1972. The Pennsylvania Municipal Service Co. has a contract with both the city and the school district to collect the occupational privilege tax, and collected the same in the amount of $10 for the calendar year 1972. They are stakeholders and stand ready to pay to the city and the school district their proper share.

The maximum occupational privilege tax, no matter how many municipalities levy the same, is $10: Act of December 31, 1965, P.L. 1257, sec. 2, as amended, 53 P.S. §6902.

We are advised by counsel that no previous legal precedent exists covering this situation and our research discloses none.

Section 8 of the aforementioned act provides in part as follows: ". . . at any time two political subdivisions shall impose any one of the above taxes on the same person, subject, business, transaction or privilege, located within both such political subdivisions, during the same year or part of the same year, under the authority of this act then the tax levied by a political subdivision under the authority of this act shall, during the time such duplication of the tax exists, except as hereinafter otherwise provided, be one-half of the rate, as above limited, and such one-half rate shall become effective by virtue of the requirements of this act from the day such duplication becomes effective without any action on the part of the political subdivision imposing the tax under the authority of this act. . . ."

If the school district had set its tax at $10, we believe the above-quoted section would definitely govern. Notwithstanding, from a reading of all of the sections of the local tax enabling act, we believe it was the intention of the legislature that where two separate taxing bodies each levy an occupational privilege tax in the amount of $5 or more, each taxing body is entitled to receive $5 each.

In the instant case another factor is present. The city's tax was effective for the entire calendar year; the school district tax was effective only for the latter half of the year. We believe it to be eminently fair in this case to allow the city one-half of it's $10 occupational privilege tax, to wit, $5, for the first half of the calendar year and to limit each

municipality to $2.50 for the latter half of the calendar year. This would mean that the City of DuBois would be entitled to 75 percent of the funds collected by the defendant tax collector and the DuBois Area School District would be entitled to 25 percent thereof. Any interest accrued on taxes collected shall be distributed to the taxing authorities in the same proportions.

We therefore enter the following

### ORDER

And now, June 26, 1973, defendant, Pennsylvania Municipal Service Co., is authorized and directed to pay to the City of DuBois 75 percent of the occupational privilege taxes collected from DuBois city residents, plus interest earned thereon, and the remaining 25 percent thereof, plus interest earned thereon, to the DuBois Area School District. Costs of this action shall be equally shared by the city and school district.